

FILED
CLERK, U.S. DISTRICT COURT
JUL - 1 2015
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY BURTON RESNIK,<br><br>Defendant. | Case No.  15-1220M<br><br>ORDER OF DETENTION |

I.

The Court conducted a detention hearing on July 1, 2015. Assistant U.S. Attorney Ann Kim appeared on behalf of Plaintiff United States of America, and Deputy Federal Public Defender Allysa Bell appeared on behalf of defendant Gary Burton Resnick. Attorney Kevin McDermott was present, indicated that he had been retained by the defendant but as of the date of the hearing, had not filed a substitution of counsel form with the Court.

The Court has reviewed the updated Pre Trial Services Report which continues to recommend detention based on the report that was previously prepared at the time of defendant's initial appearance on June 25, 2015 and the

lack of any additional information. The Government continues to request detention. At this time, defendant submits on the recommendation of detention.

The Court finds that there are presently no condition or combination of conditions will reasonably assure both the appearance of the defendant as required and the safety of any person or the community.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.
the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☐ Lack of SIGNIFICANT bail resources
- ☐ Refusal to interview with Pretrial Services
- ☐ No stable residence or employment
- ☒ Previous violation of probation/terms of supervision in 2013 based on 2011 conviction for possession of controlled substance for sale-
- ☐ Ties to foreign countries
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☐ history of non-compliance with warrants

As to danger to the community:

- ☒ Nature of previous criminal convictions for drug offenses
- ☒ Allegations in present charging document
- ☒ Substance abuse
- ☐ Already in custody on state or federal offense
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☒ currently on supervision for a prior felony drug conviction

V.

☐ The Court finds a serious risk that the defendant will

    ☐ obstruct or attempt to obstruct justice.

    ☐ threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

VI.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

[18 U.S.C. § 3142(i)]

Dated: July 1, 2015

                                           /s/
                                      HON. ALKA SAGAR
                                      UNITED STATES MAGISTRATE JUDGE